UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br>JOHN MAYFIELD BRAZIER, III,<br><br>                 Debtor. | CASE NO. C17-1526JLR<br><br>Bankruptcy Case No.<br>17-10187CMA<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS |
| JOHN MAYFIELD BRAZIER, III,<br><br>                 Appellant,<br>      v.<br><br>RONALD G. BROWN,<br><br>               Appellee. | |

## I. INTRODUCTION

Before the court is Appellant John Mayfield Brazier, III's motion to proceed *in forma pauperis* ("IFP"). (IFP Mot. (Dkt. # 4).) The court has considered Mr. Brazier's

motion, the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court DENIES Mr. Brazier's IFP motion for the reasons set forth below.

## II. BACKGROUND & ANALYSIS

On October 13, 2017, Mr. Brazier filed this bankruptcy appeal. (Letter (Dkt. # 2).) In this Chapter 7 bankruptcy action, Mr. Brazier appeals the Bankruptcy Court for the Western District of Washington's order directing the debtor to provide access to real property and to vacate residence. (Trans. of Docs. (Dkt. # 1) at 1, 9-13.) Shortly after filing the appeal, Mr. Brazier also moved to proceed IFP. (IFP Mot.) In the IFP motion, Mr. Brazier represents that his household has four members. (*Id.* at 1, 3 (listing himself, a spouse, and two children).) He further avers that his average monthly income during the past 12 months has been $20,400.00 from employment and $5,000.00 from self-employment and his spouse's average monthly income during the same period has been $42,000.00. (*Id.* at 1.) Elsewhere in the motion, Mr. Brazier states that his gross monthly pay is $8,700.00 and his spouse's gross monthly pay is $42,000.00. (*Id.* at 2.)

"The court has the discretion under 28 U.S.C. § 1930(f)(1) to waive the filing fee for a Chapter 7 case where the debtor has income less than 150 percent of the income official poverty line applicable to the size of family involved." *In re Bussey*, No. 14-32160, 2014 WL 2765703, at *1 (Bankr. N.D Ohio June 18, 2014); *see also* 28 U.S.C. § 1930(f)(1) ("[T]he district court or the bankruptcy court may waive the filing fee in a case under [C]hapter 7 of [T]itle 11 for an individual if the court determines that

---

[1] Mr. Brazier did not request oral argument, and the court determines oral argument is unnecessary to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments."); *In re Young,* No. 16-60353, 2017 WL 660642, at *1 (Bankr. W.D. Va. Feb. 14, 2017) ("The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ('BAPCPA') empowered bankruptcy courts to rule on applications to waive the fees for filing an appeal by a Chapter 7 debtor, whether or not the debtor qualified for waiver of the case filing fee."). The debtor bears the burden of proving by a preponderance of the evidence that his or her circumstances satisfy the requirements of the fee waiver provision. *In re Bussey*, 2014 WL 2765703, at *1. The federal poverty line for a family of four in 2017 is an annual household income of $24,600.00. *See Annual Update of the HHS Poverty Guidelines* (hereinafter, *"Annual Update"*), 82 Fed. Reg. 8831-32 (Jan. 31, 2017) (enumerating the 2017 poverty guidelines by household size).

      Mr. Brazier does not qualify for waiver of the filing fee. (*See* IFP Mot.) Because of the inconsistencies regarding Mr. Brazier's monthly income, the court assumes that Mr. Brazier's monthly income is only $8,700.00—the lower of the amounts he provides. (*Compare* IFP Mot. at 1, *with id.* at 2.) Based on this reported monthly income, Mr. Brazier's annual income alone far surpasses 150% of the federal poverty line for a household of four, which is $36,900.00.[2] *See Annual Update*. Moreover, even if Mr. Brazier meant to state that his annual income was $20,400.00 or $8,700.00 and his spouse's annual income was $42,000.00—rather than that these amounts are average

---

[2] $24,600.00 x 1.5 = $36,900.00. *See Annual Update*.

1 | monthly incomes—his household income is still well above the 150% threshold. (*See*

2 | IFP Mot. at 1); *Annual Update*. Because Mr. Brazier does not meet the standard for

3 | waiving the filing fee in a Chapter 7 appeal, the court denies Mr. Brazier's IFP motion.

4 | *See* 28 U.S.C. § 1930(f)(1) (stating that the court can waive the filing fee for an appeal in

5 | a Chapter 7 case if the appellant demonstrates an annual household income of 150% or

6 | less of the federal poverty line); *In re Bussey*, 2014 WL 2765703, at *1 (requiring such a

7 | showing by a preponderance of the evidence).

### III.  CONCLUSION

For the foregoing reasons, the court DENIES Mr. Brazier's IFP motion (Dkt. # 4), and Mr. Brazier must pay the applicable filing fee to proceed with this appeal.

Dated this 14th day of November, 2017.

JAMES L. ROBART
United States District Judge